## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Grant D. Bailey, *individually and all others similarly situated*,<br><br>9940 Brasada St.<br>Las Vegas, NV 89178<br><br>    Plaintiff,<br>v.<br><br>Federal National Mortgage Association/Fannie Mae, dba Fannie Mae Consumer Resource Center<br><br>4000 Wisconsin Ave<br>NW Washington, DC 20016<br><br>    Defendant. | Case No: 1:16-cv-01155-EGS<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

1.  The United States Congress has found abundant evidence that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system. An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers. Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers. There is a need to insure that consumer reporting agencies exercise their grave

responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy. Congress wrote the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.

2. GRANT D. BAILEY ("Plaintiff"), by Plaintiff's attorneys, brings this class action complaint to challenge the actions of Federal National Mortgage Association/Fannie Mae ("Defendant") with regard to Defendant's unauthorized and unlawful credit inquiry.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Any violation by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

6. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant named.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.*

8. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 – 1681x ("FCRA").

9. Venue is proper in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(b)(1) because Defendant is subject to personal jurisdiction in Montgomery County, Washington D.C. as it conducts business there and maintains its headquarters there, and Defendant's conduct giving rise to this action occurred in Washington, D.C.. 28 U.S.C. § 1391(b)(2).

## PARTIES

10. Plaintiff is a natural person who resides in Clark County, Nevada, whose credit report was affected by an unauthorized inquiry. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

11. Plaintiff is informed and believes, and thereon alleges, that Defendant, is, and at all times mentioned herein was, a residential mortgage credit company with its headquarters in Washington D.C., whose primary address is in Washington D.C.

12. Defendant is a "person" as the term is defined by 15 U.S.C. § 1681a(b).

13. Plaintiff is informed and believes, and thereon alleges, that Defendant acquired Plaintiff's credit information through an unauthorized inquiry of Plaintiff's "consumer report" as that term is defined by 15 U.S.C. 1681a(d)(1).

## FACTUAL ALLEGATIONS

14. Sometime prior to 2013, Plaintiff allegedly incurred financial obligations to Bank of America for a home mortgage that was subsequently transfered to Defendant (the "Debt").

15. On or about April 30, 2013, Plaintiff filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the District of Nevada under the case number 13-13732.

16. The Debt was scheduled in the Bankruptcy and all creditors received notice of the Bankruptcy through the bankruptcy proceedings.

17. On or about July 31, 2013, Plaintiff received a Bankruptcy discharge and all creditors received notice of Plaintiff's discharge from the bankruptcy court.

18. Neither Defendant nor Bank of America filed any proceedings to declare the Debt "non dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.

19. Neither Defendant nor Bank of America requested relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq*. while Plaintiff's Bankruptcy was pending to pursue Plaintiff on any *personal* liability for any of the Debt.

20. Accordingly, the Debt was discharged through the Bankruptcy on July 31, 2013.

21. The Bankruptcy Discharge extinguished any relationship between Plaintiff and Bank of America and Defendant.

22. Plaintiff did not conduct any business nor incur any additional financial obligations with Defendant since the date of the discharge of Plaintiff's Bankruptcy.

23. Upon review of his latest credit report dated October 23, 2015, Plaintiff discovered that on or about July 28, 2015, Defendant submitted an unauthorized credit report inquiry to Equifax, a credit reporting agency, for for "Account Review," almost three (3) years after the Debt had been discharged.

24. 15 U.S.C. § 1681b delineates the only permissible uses of, or access to, consumer reports.

25. Defendant's inquiry for Plaintiff's consumer report information, without Plaintiff's consent, falls outside the scope of any permissible use or access included in 15 U.S.C. § 1681b.

26. Defendant had no legitimate business need for the information. Therefore, Defendant violated 15 U.S.C. § 1681b by using Plaintiff's consumer report for an impermissible use that falls outside the scope of 15 U.S.C. § 1681b.

27. Defendant's actions were willful under 15 U.S.C. §§ 1681n because Defendant was aware of the FCRA's prohibitions on impermissibly pulling consumers' credit reports. *See Doe v. Sentech Employment Services, Inc.*, E.D. Mich. May 16, 2016) (citing *Singleton v. Domino's Pizza, LLC*, 2012 WL 245965, *4 (D. Md. Jan. 25, 2012) ("[A]ssertions that a defendant is aware of the FCRA, but failed to comply with its requirements, are sufficient to support an allegation of willfulness and to avoid dismissal.").

28. Plaintiff suffered an invasion of a legally protected interest when Defendant accessed his highly confidential personal information on his credit report at a time when Defendant had no right to do so, an invasion of Plaintiff's right to privacy. The FCRA, through 15 U.S.C. § 1681b, protects consumers like Plaintiff from this precise behavior.

29. Plaintiff has a common law right to keep his personal credit information private. *E.g.*, Samuel D. Warren & Louis D. Brandeis, *The Right to Privacy*, 4 Harv. L. Rev. 1155, 193 (1890). Congress sought to further protect that right by enacting the FCRA. Indeed, the common law tort of intrusion upon seclusion is preempted by the FCRA, and the FCRA expressly provides that Congress made the following finding: "There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality *and a respect for the consumer's right to privacy*." 15 U.S.C. §1681a(4) (emphasis added).

30. Plaintiff was affected personally because when he realized the behavior of Defendant described above (pulling his credit report without any authorization), Plaintiff felt that his privacy had been invaded and that his personal and private information had been disclosed to Defendant, who had no right to Plaintiff's private information. Defendant's behavior caused Plaintiff to suffer mental and emotional distress as a result of Defendant's invasion of Plaintiff's privacy.

31. The injury suffered by Plaintiff is concrete because Defendant's violation of 15 U.S.C. § 1681b caused Plaintiff to suffer from Defendant's invasion of Plaintiff's privacy. In enacting 15 U.S.C. § 1681b, Congress specifically sought to protect consumers from invasions of privacy and created restrictions on access to consumers' sensitive financial information in their credit reports.

32. Further, Defendant increased the risk that Plaintiff and the class members will be injured if there is a data breach on Defendant's computer systems by acquiring additional highly sensitive information about Plaintiff and the class members and saving that information onto its computer system. Data breaches are increasingly common (*see*, *e.g.*, *Data Breaches*, Kerbs, *available at* http://krebsonsecurity.com/category/data-breaches/), and financial institutions like Defendant are frequent targets of cybercriminals (*see*, *e.g.*, *The Top 8 Largest Date Breaches in the Financial Services Industry*, Association of Certified Financial Crime Specialists, *available at* http://www.acfcs.org/the-top-8-largest-data-breaches-in-the-financial-services-industry/).

33. As such, Plaintiff is entitled to the remedies available under 15 U.S.C. §1681n and 15 U.S.C. § 1681o.

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (the "Class").

35. Plaintiff represents, and is a member of the Class, consisting of:

> All persons whose consumer credit report from any of the three major credit reporting agencies (Transunion, Equifax, and Experian) reflects an unauthorized consumer credit report inquiry by Defendant after a bankruptcy discharge, within the past 5 years.

36. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class

members number in the hundreds, if not more. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

37. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, engaged in illegal and deceptive practices, when it submitted an unauthorized consumer report inquiry under 15 U.S.C. § 1681 et seq. Plaintiff and the Class members were damaged thereby.

38. Plaintiff and the class members suffered from an invasion of a legally protected interest when Defendant accessed their highly confidential personal information on their credit reports at a time when Defendant had no right to do so, an invasion of Plaintiff's and the class members' right to privacy. The FCRA, through 15 U.S.C. § 1681b protects consumers like Plaintiff and the class members from this precise behavior

39. This suit seeks only recovery of actual and remedial statutory damages on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto or penalties against Defendant. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

40. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

41. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether, within the five years prior to the filing of this Complaint, Defendant or its agents submitted any consumer credit report inquiries after the accounts of members of the Class have been discharged through bankruptcy; and

    b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violations.

42. As a person who suffered an unauthorized consumer credit report inquiry by Defendant on his credit report, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interest of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

43. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Fair Credit Reporting Act.

44. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for FCRA violations are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

45. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**
**THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. §§ 1681-1692X (FCRA)**

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

48. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable remedial attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendant.

49. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or remedial damages of not less than $100 and not more than $1,000 and such remedial amounts as the court may allowed for all other class members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); and reasonable remedial attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class, prays that judgment be entered against Defendant, and Plaintiff and the Class be awarded damages from the Defendant as follows:

- An order certifying the Class;
- An order certifying the undersigned counsel as Class Counsel;
- A declaratory judgment that Defendant's actions as discussed herein is unlawful and an invasion of privacy;
- An order requiring Defendant, at its own cost, to notify all Class Members of the unlawful acts discussed herein;
- Injunctive relief stopping Defendant from further impermissible pulls.
- Actual damages suffered by Plaintiff and each Class member, pursuant to 15 U.S.C. § 1681o(a)(1), against Defendant;
- Remedial statutory damages of not less than $100 and not more than $1,000.00 to Plaintiff and each Class member, pursuant to 15 U.S.C. § 1681n(a)(1), against Defendant;

- An award of any such remedial amounts as the court may allow for all other class members, against Defendant;
- An award of remedial costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2), against Defendant; and
- Any other relief the Court may deem just and proper.

## TRIAL BY JURY

50. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED this 9th day of September 2016.

Respectfully submitted,

By: s/ Joshua B. Swigart
Joshua B. Swigart, Esq.
D.C. Bar No.:1005562
Hyde & Swigger
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Phone: (619) 233-7770
FAX: (619) 297-1022
josh@westcoastlitigation.com

Abbas Kazerounian, Esq.
D.C. Bar No.: 1027868
KAZEROUNI LAW GROUP, APC
245 Fischer Ave.
Costa Mesa, CA 92626
Phone: (800) 400-6808
FAX: (800) 520-5523
ak@kazlg.com
*Counsel for Plaintiff Grant D. Bailey individually and all others similarly situated*